## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERILYN L. STEWART,** an individual, | ) | **CIVIL ACTION NO.** |
| and **GLENN WILLIAMS, SR.,** | ) | |
| an individual, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE:** |
| | ) | |
| **vs.** | ) | |
| | ) | **MAGISTRATE:** |
| **PROGRESSIVE INSURANCE** | ) | |
| **COMPANY,** a foreign corporation, | ) | |
| **ROLANDO J. RIVAS,** an individual; | ) | |
| **SAHARA FREIGHT CARRIER, INC.,** | ) | |
| a foreign corporation; | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

The Complaint of Terilyn L. Stewart, a major individual, domiciled in the County of Shelby, State of Alabama and  Glenn Williams, Sr., a major individual, domiciled in the County of Jefferson, State of Alabama, through their undersigned attorney respectfully represents:

## INTRODUCTION

1.    This action seeks to hold all defendants jointly and severally liable for money damages and attorney's fees under Louisiana Civil Code Article 2315, Louisiana Civil Code Article 2315.1, Louisiana Civil Code Article 2315.2,  Louisiana Civil Code Article 2316, Louisiana Civil Code Article 2317, and Louisiana Civil Code Article 2320, for the personal injuries and wrongful death resulting from the negligence and wantonness of Rolanda J. Rivas, the negligent hiring, supervision and training of Defendant Rivas by Defendant Sahara Freight

1

Carrier, Inc., and their liability carrier Progressive Insurance Company, inflicted upon Glenn Williams, Jr., on or about March 23, 2019.

## THE PARTIES

1.     Plaintiff, Terilyn L. Stewart, is an adult resident and domiciliary of Shelby County, Alabama, at all material times herein, and is the natural mother of Glenn Williams, Jr, an adult resident and domiciliary of Shelby County, Alabama.

2.     Plaintiff, Glenn Williams, Sr., is an adult resident and domiciliary of Jefferson County, Alabama, at all material times herein, and is the natural father of Glenn Williams, Jr., an adult resident and domiciliary of Shelby County, Alabama.

3.     Defendant Rolando J. Rivas is, upon information and belief, a resident and domiciliary of Denver, Colorado, over the age of majority.

4.     Defendant Sahara Freight Carrier, Inc., is, upon information and belief, a foreign corporation, incorporated in the State of Texas and having its principal place of business in the State of Texas, who upon information and belief was at all times relevant herein the owner of the vehicle that caused the March 23, 2019, motor vehicle collision at issue and the entity that employed Defendant Rivas while he was driving in the course and scope of his employment at the time of the March 23, 2019, motor vehicle collision.

5.     Defendant Progressive Insurance Company, upon information and belief, is a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in a State other than the State of Louisiana and having its principal place of business in a State other than Louisiana, who upon information and belief was at all times

relevant hereto the insurer of the vehicle driven by Defendant Rivas and owned by Defendant Sahara Freight Carrier, Inc.

## JURISDICTION AND VENUE

6.       Plaintiffs bring their petition under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

7.       Venue in the Eastern District of Louisiana is proper pursuant to 28 U.S.C. §1319(b) because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

8.       On or about March 23, 2019, Glenn Williams, Jr., was operating a 2001 Cadillac Catera eastbound on Interstate 12 near Airport Road, in St. Tammany Parish. Mr. Williams, Jr. was traveling in the right lane.

9.       At the same time, the Defendant Rolando J. Rivas, was operating a large commercial vehicle eastbound on Interstate 12 near Airport Road, in the left-hand land.

10.       Defendant Rivas was an employee of Defendant Sahara Freight Carrier, Inc., at the time of the incidents made the basis of this petition.

11.       The vehicle being driven by Defendant Rivas was owned by Defendant Sahara Freight Carrier, Inc., and Defendant Rivas was within the course and scope of his employment with Defendant Sahara Freight Carrier, Inc., when he crashed into the vehicle driven by Glenn Williams, Jr.

3

12.     Defendant Progressive Insurance Company is the liability carrier for Defendants Sahara Freight Carrier, Inc., and Rolando J. Rivas.

13.     Defendant Rivas, upon information and belief, dropped his cell phone on the floor of his truck. As he reached down to retrieve his cell phone, Defendant Rivas swerved into the right lane, crashing into Mr. Williams, Jr.'s automobile.

14.     Upon information and belief, Defendant Rivas was cited by the Louisiana State Troopers for improper lane change.

15.     As a direct and proximate cause of the above described collision, Glen Williams, Jr., died.

<u>**COUNT I**</u>
**(Defendant Rolando J. Rivas - Negligence, Recklessness, and/or Wantonness)**

16.     The collision, injuries, and death were caused by the negligence, recklessness, and/or wantonness of the Defendant Rivas.

17.     The negligence, recklessness, and/or wantonness of Defendant Craven, includes, but is not limited to, the following specific actions and/or inactions:

(a)     Impairment;

(b)     Inattentive or distracted;

(c)     Failing to maintain a proper lookout;

(d)     Failing to maintain control of his vehicle;

(h)     Failing to see what he should have seen;

(i)     Failing to take appropriate action to avoid or mitigate the accident, when, in the exercise of due care, he should have had ample time and opportunity to do so;

(j)     Exceeding the posted speed limit or exceeding a safe speed limit under the circumstances;

(k)     Failing to comply with all applicable motor carrier safety regulations;

(l)     Failing to comply with operating, safety, and/or training rules of Defendant Rivas's employer;

(m)     Failing to comply with Louisiana Motor Safety Laws and rules of the road;

(n)     Gross negligence;

(o)     Failure to yield;

(p)     Failure to properly change lanes;

(q)     Improper lane usage;

(r)     Operation of the vehicle in a reckless and/or negligent manner;

(s)     Acting in violation of the laws of the State of Louisiana and/or the Parish of St. Tammany, all of which may be properly proven at the trial of this matter; and

(t)   Other acts of fault, negligence, and strict liability which will be obtained through discovery and/or proven at trial.

18.     Defendant Rivas is liable under Louisiana Civil Code Articles 2315, 2315.1, 2315.2, and 2316, among others, for an amount to be proven at trial, together with punitive damages, as well as costs and attorney's fees incurred in bringing this action.

### COUNT II
**(Defendant Sahara Freight Carrier, Inc. - *Respondeat Superior- Negligent Training and Supervision*)**

19.     As a result of the foregoing, and as per applicable Louisiana law including, but not limited to the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Defendant Sahara Freight Carrier, Inc., is a proper party-defendant and is responsible for the negligence, wantonness, and/or liability attributed to Defendant Rivas.

20.     The negligence, willfulness, recklessness, and/or wantonness of the named defendant in paragraph 16, includes, but is not limited to, the following specific acts:

(A)     It failed to train its driver;

(B)     It failed to supervise its driver;

(C)     It retained its driver;

(D)     It hired its driver;

(E)     It entrusted its driver with the commercial vehicle;

(F)     It failed to comply with applicable federal motor carrier safety regulations;

6

(G)     It failed to inspect, maintain, and/or repair the vehicle in proper and safe working order; and

(H)     It was otherwise willful, reckless, wanton, and/or negligent.

21.     Defendant Sahara Freight Carrier, Inc., is liable under Louisiana Civil Code Articles 2317, among others, for an amount to be proven at trial, together with punitive damages, as well as costs and attorney's fees incurred in bringing this action.

## COUNT III
## LIABILITY OF PROGRESSIVE INSURANCE COMPANY

22.     At the time of the accident, Defendant Progressive Insurance Company, had in full force and effect a policy of liability insurance coverage in favor of Defendant Sahara Freight Carrier, Inc., as owner, and Defendant Rivas, as operator of the insured vehicle, for his negligence in connection with the March 23, 2019, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, Progressive Insurance Company has been named herein as a party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendants Rivas and Sahara Freight Carrier, Inc.

## DAMAGES

23.     As a result of the above described accident, the petitioners Terilyn L. Stewart and Glenn Williams, Sr., sustained the following, non-exclusive damages:

(a)     Survival action and wrongful death action under Louisiana Civil Code and Louisiana Law;

(b)     Pain and suffering;

7

(c)     Physical and mental pain and anguish suffered by Glenn Willaims, Jr.,

prior to death;

(d)     Loss of enjoyment of their son, Glenn Williams, Jr.'s life, petitioners'

grief, shock, sorrow, and loss of love and affection of their son, past and

future;

(e)     Funeral expenses;

(f)     Medical expenses;

(g)     All damages allowed under Louisiana law which may be proven at the

trial of this matter; and

(h)     Punitive damages.

WHEREFORE, petitioners, Terilyn L. Stewart and Glen Williams, Sr., pray:

A.      An award of compensatory damages to Plaintiffs, and against defendants, jointly

and severally, for the wrongful death of their son and survival action in an amount

to be determined at trial;

B.      An award of punitive damages to Plaintiffs and against Defendants, jointly and

severally, in an amount to be determined at trial;

C.      An award of reasonable costs and attorney's fees pursuant to any applicable law;

and

D.      Any other relief to which Plaintiffs are entitled.

## JURY DEMAND

Plaintiffs, Terilyn L. Stewart and Glenn Williams, Sr., hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Booth Samuels
_____
BOOTH SAMUELS (LA Bar Roll#32051)
WETTERMARK KEITH
3595 Grandview Parkway
Suite 350
Birmingham, AL 35343
Telephone: (205)933-9500
Facsimile: (205) 977-3431
Email: bsamuels@wkfirm.com

CHRISTOPHER A. KEITH
(Pro Hac Vice Application Pending)
WETTERMARK KEITH
3595 Grandview Parkway
Suite 350
Birmingham, AL 35243
Telephone: (205) 933-9500
Facsimile: (205) 977-3431
Email: chris@wkfirm.com

/s/ Timothy J. Young
_____
TIMOTHY J. YOUNG (LA Bar Roll#22677)
THE YOUNG FIRM
400 Poydras Street
Suite 2090
New Orleans, Louisiana 70130
Telephone: 504-680-4100
Facsimile: 504-680-4101

9

10